HOWARD G. CONNER *v.* HONORABLE ARTHUR P. HUDSON, *Judge, etc.*

(No. 8513)

Submitted November 11, 1936. Decided December 1, 1936.

*W. E. R. Byrne,* for relator.
*D. W. Taylor,* for respondent.

LITZ, JUDGE:

The relator, Howard G. Conner, seeks a writ of mandamus commanding respondent, The Honorable Arthur P. Hudson, as Judge of the Circuit Court of Kanawha County, to vacate an order dismissing an action in ejectment, restore the case to the trial docket and proceed in due course with the trial thereof.

The action of ejectment, in which the relator is plaintiff, and Earl Jarrett, Dorothy K. Jarrett and Frank Mayer are defendants, involves the location of the

division line between two adjoining parcels of land in Kanawha County, owned by relator and defendant, Dorothy K. Jarrett, respectively. At the trial of the case in July, 1935, the court declined to receive a verdict in favor of the plaintiff and directed the jury to reconsider the issue in accordance with specific instructions submitted for its guidance. After further deliberating and reporting its inability to agree, the jury was discharged and the trial of the action continued to the next term of court. Thereafter, the case was continued from term to term, and on August 6, 1936, the court, without a hearing and over the objection of the parties, entered an order, deciding the issue between the parties and dismissing the action. The court, in summarily dealing with the controversy, seems to have been influenced by the insignificant value of the subject matter as compared with the probable costs of another trial. This basis of decision is not recognized by our present judicial system. The court may have directed a verdict at the trial or re-tried the case by agreement of the parties, but could not of its own motion enter judgment without a hearing.

Mandamus is an appropriate remedy to correct acts of inferior tribunals in excess of their jurisdiction, where there is no other adequate remedy. *Virginia* v. *Rives,* 100 U. S. 313, 25 L. Ed. 667; *State* v. *Nutter,* 99 W. Va. 146, 128 S. E. 142. The remedy by writ of error would not be adequate in this case for the reason that, as there is no record on the merits, the appellate court could only remand the cause for trial in accordance with recognized legal procedure. "Mandamus will not be denied on the ground that there is another remedy, unless such other remedy is equally convenient, beneficial, and effective." *Hardin* v. *Foglesong et al.,* 117 W. Va. 544, 186 S. E. 308.

*Writ awarded.*