113 N.J. Super. 594 (1971)
274 A.2d 620
STATE OF NEW JERSEY, PLAINTIFF,
v.
SIDNEY EDWARD BOYKIN, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Law Division (Criminal).
Decided February 19, 1971.
*595 Mr. N. Douglas Russell, Assistant Prosecutor for plaintiff, (Mr. Joseph Tuso, Prosecutor, attorney).
Mr. Ivan M. Sherman for defendants (Messrs. Davidow & Sherman, attorneys).
HORN, A.J.S.C.
Defendants were indicted for possession of lottery paraphernalia. They move to compel the State to have a hearing as to probable cause as provided by R. 3:4-2 and 3:4-3 or, in the alternative, to dismiss the indictment.
Defendants' motions must be denied.
R. 3:4-2 provides in part that, "If the complaint charges the defendant with an indictable offense, the court shall inform him of his right to have a hearing as to probable cause and of his right to indictment by the grand jury." R. 3:4-3 provides in part that,
* * * If the defendant does not waive a hearing as to probable cause and if before the hearing an indictment has not been returned against the defendant with respect to the offense charged, the court shall hear the evidence offered by the State within a reasonable time and the defendant may cross-examine witnesses against him * * * [Emphasis added].
As the above rules indicate, a hearing as to probable cause is contemplated, but may be superseded by the return of an indictment. Once the grand jury has acted, the indictment establishes the existence of probable cause and eliminates the need for a hearing.
*596 The law in New Jersey is clear that a preliminary hearing to establish probable cause is not an essential part of the criminal procedure. In State v. Spindel, 24 N.J. 395 (1957), the court said, "At common law, there is no right to a preliminary hearing on a complaint charging a criminal offense." It has been pointed out that there is no statute in this jurisdiction requiring a preliminary hearing; the matter is controlled by court rule and is thus a matter of procedure. State v. War, 38 N.J. Super. 201 (Cty. Ct. 1955).
Our Supreme Court has repeatedly held that the failure to conduct a preliminary hearing as to probable cause will not invalidate an indictment or conviction. State v. Smith, 32 N.J. 501 (1960); State v. Dennis, 43 N.J. 418 (1964); State v. Jackson, 43 N.J. 148 (1964); State v. Ordog, 45 N.J. 347 (1965). See also State v. Wade, 89 N.J. Super. 139 (App. Div. 1965). Although our rules provide for a preliminary hearing and a defendant should ordinarily be given one, it is well settled that the right is not so vital that the failure to afford it will invalidate an indictment or conviction. A grand jury has the right and power to find an indictment before, as well as pending, a preliminary examination. Even if the municipal magistrate finds lack of probable cause at the preliminary hearing and dismisses the complaint, defendant may still be indicted and convicted for the same offense. State v. Kirkland, 82 N.J. Super. 409 (App. Div. 1964).
The United States Supreme Court has never held that there is a constitutional right to a preliminary hearing. Although the case did not deal directly with the issue, there is language in Jaben v. United States, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965), reh. den. 382 U.S. 873, 86 S.Ct. 19, 15 L.Ed. 2d 114 (1965), which indicates that an indictment supersedes the complaint procedure and eliminates the need for a preliminary hearing. The court said:
*597 Furthermore, we think that the Government must proceed through the further steps of the complaint procedure by affording the defendant a preliminary hearing as required by Rule 5, unless before the preliminary hearing is held, the grand jury supersedes the complaint procedure by returning an indictment. [at 220, 85 S.Ct. at 1369]
The Circuit Courts of Appeal have held that there is no necessity for a preliminary hearing after the grand jury has returned an indictment. Crump v. Anderson, 122 U.S. App. D.C. 173, 352 F.2d 649 (D.C. Cir.1965); United States v. Chase, 372 F.2d 453 (4th Cir.1967), cert. den. 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 826 (1967); Bayless v. United States, 381 F.2d 67 (9th Cir.1967).
Although recent cases from the Court of Appeals for the District of Columbia have held that a defendant is entitled to a preliminary hearing under the Federal Rules of Criminal Procedure, and that a subsequent indictment does not excuse the failure to have one, this was decided under the rules and not on constitutional grounds. Ross v. Sirica, 127 U.S. App. D.C. 10, 380 F.2d 557 (D.C. Cir.1967). Other circuits have not followed Ross. Sciortino v. Zampano, 385 F.2d 132 (2 Cir.1967), cert. den. 390 U.S. 906, 88 S.Ct. 820, 19 L.Ed.2d 872 (1968).
The Third Circuit also takes the position that a preliminary hearing is not essential. In United States v. Conway, 415 F. 2d 158 (3 Cir.1969), it was held that:
* * * the purpose of a preliminary hearing is to afford an arrested person a prompt determination as to whether there is probable cause to hold him for grand jury action. * * * This purpose is served and the hearing rendered unnecessary by the return of an indictment. * * * Nor, we think, is it controlling that a pre-indictment request for such a hearing was made here. [at 160]
It should be observed that part of the rationale for the Ross decision was to afford the defendant an opportunity for discovery. The New Jersey rules already provide for discovery by a defendant of the State's case. R. 3:13-3.
Finally, there is nothing in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), which *598 alters the existing law on this point. Coleman held that if there is a preliminary hearing, defendant is entitled to counsel. Implicit in the court's discussion of the case was the fact that a state may not have a preliminary hearing at all but can go directly to the grand jury.