**Morris Richard EDWARDS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 12, 1973.

Edwin F. Kagin, Jr., Donald M. Heavrin, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Jackson D. Guerrant, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Edwards was found guilty by a Jefferson Circuit Court jury on a trial of a multiple-count indictment and sentenced to life imprisonment without parole on each of two counts of rape (KRS 435.090); a term of five years' imprisonment on each of two counts of indecent and immoral practices (KRS 435.105); a term of not more than five years' imprisonment on a count of indecent and immoral practices (KRS 435.-105); and a term of five years on each of two counts of buggery (KRS 436.050). All sentences are to run concurrently.

The acts with which Edwards was charged were committed on three women. The evidence of guilt was overwhelming. In addition to a positive identification of Edwards by each of the victims, a pistol taken from the apartment of one of the victims was found on Edwards' person at the time of his arrest. Rings taken from the hand of the same victim were found in Edwards' living quarters. Edwards' fingerprints were found on an alarm clock handled by Edwards in the apartment of another of the victims, and a car taken by Edwards from the other victim was found approximately one block from Edwards' living quarters.

Edwards appeals contending (1) the sentences of life imprisonment without parole constitute cruel and unusual punishment; (2) the trial court abused its discretion in denying Edwards' motion to sever the offenses for trial; (3) the failure to remand for a preliminary examination violated Edwards' constitutional rights; (4) there was an abuse of discretion in denying Edwards' motion for a postponement in order to determine his competency to stand trial; (5) it was prejudicial error to permit the husband of one of the victims, in identifying the pistol, to state that he was a police officer; and finally (6) KRS 435.105, which denounces indecent and immoral practices, is void for vagueness and overbreadth.

■ (1) Edwards was 18 years of age and married at the time these acts were committed. We are not persuaded that the decision in Workman v. Commonwealth, Ky., 429 S.W.2d 374 (1968), that life imprisonment without parole in the case of a juvenile constitutes "cruel and unusual punishment" should be extended to this case.

(2) RCr 6.18 provides: "Two (2) or more offenses * * * may be charged in the same indictment in a separate count for each offense, if the offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan."

Here two of the victims were attacked on the same day, the other attack occurring about three weeks earlier. According to the evidence, the offenses were similar, the methods of gaining entry to the apartments were similar, and Edwards' actions in each instance before committing the offenses and afterwards were similar. We conclude that the trial court acted properly in joining the offenses for trial and that there was not a showing of prejudice to require separate trials as provided in RCr 9.16. Here the evidence of guilt in each instance was so clear and convincing that we cannot infer that the jury could have had any disposition to find guilt as to any one offense from the proof introduced as to the other offenses. Nor can we see how the jury here could cumulate the evidence of the various offenses and find guilt any more than they would have found guilt if each offense was tried separately.

■■ "The granting or denial of a motion for separate trials under RCr 9.16 is a discretionary function of the trial court which must weigh prejudice to the defendant caused by the joinder of offenses.

\* \* \* [A] conviction will be reversed only if the refusal of the trial court \* \* \* is a clear abuse of discretion and prejudice to the defendant is positively shown." Russell v. Commonwealth, Ky., 482 S.W.2d 584, 588 (1972).

 We conclude that no prejudice to the defendant resulted in the trial court's refusal to grant separate trials.

 (3) We have consistently held that where an indictment results from direct submission of evidence to a grand jury, the failure to conduct an examining trial is not error. Jenkins v. Commonwealth, Ky., 477 S.W.2d 795 (1972). There is no merit to Edwards' contention that his constitutional rights were violated by the trial court's refusal to remand for an examining trial.

 (4) On the day of the trial, Edwards made a motion for a continuance in order to determine if he was competent to stand trial. This motion was supported by an affidavit by his mother that he had undergone several experiences as a child that resulted in Edwards' never learning to read or write well and further instances of unusual behavior. There is no showing of bizarre behavior on Edwards' part such as would direct the trial court's attention to a need for psychiatric examination. Edwards' lawyer had a relatively long period of time to determine if there was any indication that he was not competent to stand trial, and we conclude that the trial court did not abuse its discretion in denying a postponement. RCr 8.06. This is reinforced by the evidence of Edwards' wife who testified she had known him for years before their marriage and had not noticed anything other than normal behavior.

 (5) We cannot comprehend how Edwards could have been prejudiced in any degree by the trial court's permitting the husband of one of the victims, after identifying the pistol taken by Edwards, to state that he was a police officer. There is no merit whatsoever to Edwards' con-

tention that the trial court abused its discretion in permitting this testimony.

 (6) Finally Edwards contends that KRS 435.105(2), which denounces indecent and immoral practices, is void for vagueness and overbreadth. He argues that statutes must use language definite enough to afford a fair warning as to what conduct is prohibited. Here Edwards forced the victims to perform an oral sexual act. While "indecent and immoral practices" may be committed in many ways, we cannot conceive of any person who would characterize Edwards' offense as anything other than "indecent and immoral." We hold that KRS 435.105 is constitutional and reject the argument that its terms are vague and not capable of comprehension.

The judgment is affirmed.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD, and STEPHENSON, JJ., sitting.

All concur.