STATE *ex rel.*

WILLIAM EDWARD ROWE

*and*

JOHN CALVIN WOLFE

*v.*

HONORABLE ALFRED E. FERGUSON,

*Judge of the Circuit Court of Cabell County*

*and*

HONORABLE JOHN RAY RICE,

*Magistrate of Magistrate Court of Cabell County*

(No. 14777)

Decided July 8, 1980.

*W. Merton Prunty, W. Stanley James,* for relators.

*Chauncey H. Browning,* Attorney General, *Gray Silver, III,* Assistant Attorney General, for respondents.

MILLER, JUSTICE:

In this original writ of mandamus, the relators seek to compel the respondents, a circuit judge and a magistrate, to afford them a preliminary hearing. The magistrate had previously scheduled a preliminary hearing, but cancelled it when relators were indicted by a grand jury for felonious assault. The relators thus raise the question of whether, under West Virginia law, criminal defendants have a right to a post-indictment preliminary hearing. We hold that they do not.

Relators were arrested for felonious assault on October 28, 1979, pursuant to warrants issued by a Cabell County magistrate, and were released the same day on $2,500 bonds. On November 6, 1979, both appeared before the magistrate, who scheduled a preliminary hearing for Novermber 13, 1979. Relators appeared with counsel for the preliminary hearing and were informed of their indictment by a Cabell County grand jury on November 5.[1] Over relators' objection, the preliminary

---

[1] Counsel for the respondents attributes the post-indictment scheduling of a preliminary hearing to a clerical error in which

hearing was cancelled. Relators then renewed their motion for a preliminary hearing before the Circuit Court, but by order and written opinion of January 2, 1980, the motion was denied.

Initially, we observe that a preliminary hearing in a criminal case is not constitutionally required.[2] *Gerstein v. Pugh,* 420 U.S. 103, 43 L. Ed. 2d 54, 95 S.Ct. 854 (1975); *Coleman v. Alabama,* 399 U.S. 1, 26 L. Ed. 2d 387, 90 S.Ct. 1999 (1970).

*Gerstein* recognized that an arrest may be effected without the necessity of a neutral and detached magistrate having found probable cause, but that once the suspect is in custody, a probable cause hearing is constitutionally mandated under the Fourth Amendment to justify further detention:

> "Once the suspect is in custody, however, the reasons that justify dispensing with the magistrate's neutral judgment evaporate. There no longer is any danger that the suspect will escape or commit further crimes while the police submit their evidence to a magistrate. And, while the State's reasons for taking summary action subside, the suspect's need for a neutral determination of probable cause increases significantly. The consequences of prolonged detention may be more serious than the interference occasioned by arrest. Pretrial confinement may imperil the suspect's job, interrupt his source of income, and impair his family relationships. See R. Goldfarb, Ransom 32-91 (1965); L. Katz, Justice Is the Crime 51-62 (1972). Even pretrial release may be accompanied by burdensome conditions that effect a significant restraint of liberty.... When the stakes are this high, the detached judgment

---

relators' files were not removed from the magistrate's office following indictment. The cause of the confusion, however, is not material to a resolution of the issue before the Court.

[2] When a preliminary hearing *is* provided, however, certain constitutional protections attach, such as the right to counsel. *Coleman v. Alabama,* 399 U.S. 1, 26 L. Ed. 2d 387, 90 S.Ct. 1999 (1970); *Lycans v. Bordenkircher,* 159 W.Va. 137, 222 S.E.2d 14 (1975).

of a neutral magistrate is essential if the Fourth Amendment is to furnish meaningful protection from unfounded interference with liberty. Accordingly, we hold that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." [420 U.S. at 114, 43 L. Ed. 2d at 65, 95 S.Ct. at ____].

The *Gerstein* Court also indicated that an indictment by a grand jury was an alternative means of establishing probable cause which would authorize the arrest and detention of the defendant and satisfy Fourth Amendment standards:

"By contrast, ... an indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry. Ex parte United States, 287 US 241, 250, 77 L Ed. 283, 53 S Ct 129 (1932). See also Giordenello v United States, 357 US 480, 487, 2 L Ed 2d 1503, 78 S Ct 1245 (1958). The willingness to let a grand jury's judgment substitute for that of a neutral and detached magistrate is attributable to the grand jury's relationship to the courts and its historical role of protecting individuals from unjust prosecution. See United States v Calandra, 414 US 338, 342-346, 38 L Ed 2d 561, 94 S Ct 613 (1974)." [420 U.S. at 117 n. 19, 43 L. Ed. 2d at 67, 95 S.Ct. at ____].

In reaching its conclusion that the Fourth Amendment requires a probable cause hearing to support prolonged detention, the Court in *Gerstein* traced the right to such a hearing to its common law origins[3] and then

____

[3] *Gerstein v. Pugh*, 420 U.S. 103, 114-16, 43 L. Ed. 2d 54, 65-66, 95 S.Ct. 854 ____, (1975):

"This result has historical support in the common law that has guided interpretation of the Fourth Amendment. *See* Carroll v. United States, 267 U.S. 132, 149, 69 L. Ed 543, 45 S.Ct. 280, 39 ALR 790 (1925). At common law it was customary, if not obligatory, for an arrested person to be brought before a justice of the peace shortly after arrest. 2 M. Hale, Pleas of the Crown 77, 81, 95, 121

determined that an adversarial hearing on the issue of the existence of probable cause is not constitutionally required:

"Although we conclude that the Constitution does not require an adversary determination of probable cause, we recognize that state systems of criminal procedure vary widely. There is no single preferred pretrial procedure, and the nature of the probable cause determination usually will be shaped to accord with a State's pretrial procedure viewed as a whole. . . ." [420 U.S. at 123, 43 L. Ed. 2d at 71, 95 S.Ct. at ____].

Without any extended analysis, several of our opinions have concluded that a preliminary hearing is not a federal constitutional mandate. *See, e.g., Lycans v. Bordenkircher,* 159 W.Va. 137, 222 S.E.2d 14 (1975); *Spaulding v. Warden,* 158 W.Va. 557, 212 S.E.2d 619 (1975). We find nothing in our State Constitution that would give an independent State constitutional right to a preliminary hearing. Most state courts have also concluded that there is no constitutional right to a preliminary hearing. *E.g., State v. Vennard,* 159 Conn. 385, 270 A.2d 837 (1970), *cert. denied,* 400 U.S. 1011, 27 L. Ed. 2d 625, 91 S.Ct 576

(1736); 2 W. Hawkins, Pleas of the Crown 116-117 (4th ed. 1762). *See also* Kurtz v. Moffitt, 115 U.S. 487, 498-499, 29 L. Ed. 458, 6 S.Ct. 148 (1885). The justice of the peace would 'examine' the prisoner and the witnesses to determine whether there was reason to believe the prisoner had committed a crime. If there was, the suspect would be committed to jail or bailed pending trial. If not, he would be discharged from custody. 1 M. Hale, supra, at 583-586; 2 W. Hawkins, supra, at 116-119; 1 J. Stephen, History of the Criminal Law of England 233 (1883). The initial determination of probable cause also could be reviewed by higher courts on a writ of habeas corpus. 2 W. Hawkins, supra, at 112-115; 1 J. Stephen, supra, at 243; *see* Ex parte Bollman, 4 Cranch 75, 97-101, 2 L. Ed. 554 (1807). This practice furnished the model for criminal procedure in America immediately following the adoption of the Fourth Amendment, *see* Ex parte Bollman, supra; Ex parte Burford, 3 Cranch 448, 2 L. Ed. 495 (1806); United States v. Hamilton, 3 Dall 17, 1 L. Ed. 490 (1795), and there are indications that the Framers of the Bill of Rights regarded it as a model for a 'reasonable' seizure. *See* Draper v. United States, 358 U.S. 307, 317-320, 3 L. Ed. 2d 327, 79 S.Ct. 329 (1959) (Douglas, J., dissenting)."

(1971); *First National Bank & Trust Co. v. State,* 237 Ga.
112, 227 S.E.2d 20 (Ga. 1976); *Engstrom v. Naauao,* 51
Hawaii 318, 459 P.2d 376 (1969); *People v. Petruso,* 35 Ill.
2d 578, 221 N.E.2d 276 (1966); *Edwards v. Commonwealth,*
500 S.W.2d 396 (Ky. 1973); *State v. McCloud,* 357 So.2d
1132 (La. 1978); *Lataille v. District Court,* 366 Mass. 525,
320 N.E.2d 877 (1974); *State v. Johnson,* 291 Minn. 407,
192 N.W.2d 87 (1971); *State v. Thomas,* 529 S.W.2d 379
(Mo. 1975); *Smith v. O'Brien,* 109 N.H. 317, 251 A.2d 323
(1969); *State v. Boykin,* 113 N.J. Super. 594, 274 A.2d 620
(1971); *State v. Marquez,* 87 N.M. 57, 529 P.2d 283 (N.M.
App. 1974); *State v. Vaughn,* 296 N.C. 167, 250 S.E.2d 210
(1978), *cert. denied,* 441 U.S. 935, 60 L. Ed. 2d 665, 99
S.Ct. 2060 (1979); *State v. Morris,* 42 Ohio St. 2d 307, 71
Ohio Ops. 2d 294, 329 N.E.2d 85 (1975); *State v. Sanford,*
245 Ore. 397, 421 P.2d 988 (1966); *Vaughn v. State,* 557
S.W.2d 64 (Tenn. 1977); *Bullard v. State,* 533 S.W.2d 812
(Tex. Crim. 1976).[4]

Relators appear to concede the constitutional issue
and base their principal argument on W. Va. Code, 62-1-
8, our statute which provides for a preliminary hearing.
It states in part:

> "If the offense is to be presented for indict-
> ment, the preliminary examination shall be con-
> ducted by a justice of the county in which the
> offense was committed within a reasonable time
> after the defendant is arrested, unless the de-
> fendant waives examination."

---

[4] In *Hawkins v. Superior Court,* 22 Cal. 3d 584, 150 Cal. Rptr. 435,
586 P.2d 916 (1978), the California Supreme Court determined that
the failure to accord a preliminary hearing before indictment vio-
lates the equal protection clause of the California Constitution on
the basis that, under California law, a person proceeded against by
a prosecutor's information has an absolute statutory right to a
preliminary hearing. However, a person indicted by the grand jury
has no such right. Such infirmity does not exist under our own
criminal procedure, in view of a requirement of Article III, Section
4 of the West Virginia Constitution that all felonies must be pre-
sented to the grand jury. In *People v. Duncan,* 388 Mich. 489, 201
N.W.2d 629 (1972), the court refused to hold that there was a consti-
tutional right to a preliminary hearing after indictment, but estab-
lished such right by court rule.

Relators argue that this statutory language should be construed to mean that a preliminary hearing is required as to any offense which is to be presented for indictment to a grand jury. However, this interpretation would necessitate our reading W. Va. Code, 62-1-8, out of context with its related statutes, and would thus violate recognized rules of statutory construction which require us to read statutes relating to the same subject *in pari materia. E.g., State ex rel. Miller v. Locke*, 162 W.Va. 946, 253 S.E.2d 540 (1979); *Snodgrass v. Sission's Mobile Home Sales, Inc.*, 161 W.Va. 588, 244 S.E.2d 321 (1978); *State v. Reel*, 152 W.Va. 646, 165 S.E.2d 813 (1969).

*Code*, 62-1-8, is part of a larger criminal procedure article which deals with the initiation of a criminal case beginning with the filing of a complaint for an arrest warrant. *Code*, 62-1-1, *et seq*. This article was revised in 1965, although somewhat similar procedures existed prior to the 1931 revised Code, *Code*, 62-1-1, *et seq*. These criminal statutes deal with arrest procedures and the attendant steps to bring the arrested person before a magistrate to be informed of the nature of the charge, his right to counsel and the arrangement for bail. *Code*, 2-1-6.

A criminal proceeding is initiated by an arrest procedure under *Code*, 62-1-1, *et seq*., but can be accomplished by a person being indicted by the grand jury. Explicit statutory recognition of this fact is contained in *Code*, 62-2-1, which essentially follows our constitutional command:[5]

> "The trial of a person on a charge of felony shall always be by indictment; and indictment may be found in the first instance, whether the accused had been examined or committed by a justice or not."

---

[5] Article III, Section 4 of the West Virginia Constitution provides in pertinent part:

"No person shall be held to answer for treason, felony or other crime, not cognizable by a justice, unless on presentment or indictment of a grand jury...."

In *State v. Mooney,* 49 W.Va. 712, 39 S.E. 657 (1901), we held in Syllabus Point 1:

> "Where an indictment for felony is found, the accused is not entitled to a preliminary examination before a justice before trial."

*Mooney* acknowledged that from approximately 1873 to 1875, this State had a statute which required that before the defendant could be tried for a felony in the circuit court a preliminary examination had to be held before the county court.[6] Upon the repeal of this mandatory statute and prior to the 1965 amendments, the counterpart to the present *Code,* 62-1-8, was Code, 62-1-12 [1931], which provided:

> "The justice before whom any person is brought for an offense, if demanded by such person, shall, as soon as may be, in the presence of such person, examine, on oath, the witnesses for and against him, and he may be assisted by counsel."[7]

We considered this provision in *Harper v. Harper,* 49 W.Va. 661, 39 S.E. 661 (1901), and held in Syllabus Point 1:

> "Under section 12, chapter 156, Code, it is the duty of any justice before whom any person is brought for an offense, if demanded by such person, as soon as may be to examine on oath in the

---

[6] Sections 1 and 5 of Chapter 90 of the 1873 Acts of the Legislature stated:

"Before any person charged with a felony is tried before a circuit court, he shall be examined as hereinafter provided, unless by his assent, entered of record in such court, such examination be dispensed with."

"Upon any such examination, if it appear to the court that there is not probable casue for charging the accused with the offense, he shall be discharged."

[7] *Code,* 62-1-13, provided that "[t]he justice shall discharge the accused if he consider that there is not sufficient cause for charging him with the offense." It further provided that if sufficient cause were found, the accused was to be committed to jail or let to bail.

presence of the accused, the witnesses for, as well as those against him."

The significant change made by the 1965 amendments was to make the right to a preliminary hearing mandatory and not dependent on a request by the accused.

It must also be borne in mind that under our statutes relating to criminal procedure, we have traditionally recognized that magistrate courts are empowered to hear certain misdemeanors. *Code* 50-18-1 [1931]. In *State ex rel. Burdette v. Scott*, 163 W.Va. 705, 259 S.E.2d 626 (1979), we recognized that *Code* 50-2-3 [1976], had enlarged the jurisdiction of magistrate courts to include all misdemeanors. Consequently, in those cases within the jurisdiction of the magistrate, a criminal proceeding would be entirely independent of any grand jury action and would be heard by the magistrate based on the matters set out in the initial complaint and arrest warrant.[8] As we have already noted, both our Constitution and *Code* 62-2-1, require that all felonies be presented to the grand jury.

It is under this statutory plan that we must analyze *Code* 62-1-8. Its conditional statement "[i]f the offense is to be presented for indictment, the preliminary examination shall be conducted. . . ." implies two basic principles. First, it demonstrates a recognition that all offenses need not be presented for indictment. Second, the wording conditions the right to a preliminary hearing on a future event—"[i]f the offense is to be presented"— that is, the offense will be presented to the grand jury. Had the Legislature intended, by the 1965 amendment

---

[8] *Code,* 50-4-2 [1976], provides that as to magistrate courts, "[c]riminal actions shall be commenced by warrant obtained and executed in compliance with the provisions of article one [§ 62-1-1, *et seq.*], chapter sixty-two of this Code." In *State ex rel. Burdette v. Scott,* ___ W.Va. ___, 259 S.E.2d 626 (1979), we recognized that *Code,* 50-5-7 [1976], mandates a trial in magistrate court if the offense is within the criminal jurisdiction of the magistrate and if the case originated in the magistrate court. *Burdette* also recognized that the prosecutor can bypass the magistrate court by bringing the charge directly to the grand jury.

to *Code* 62-1-8, to confer an absolute right to a preliminary hearing following indictment, the language would have been cast not in terms of a future event (the indictment), but would have simply provided that in all cases where the accused is indicted, a preliminary hearing must be held.

The conclusion that must be reached under our statutes is that where the State proceeds under *Code* 62-1-1 *et seq.*, to arrest the accused for an offense which must be brought before the grand jury, the defendant is entitled to a preliminary hearing under *Code* 62-1-8 [1965]. If, however, the State elects to indict him without a preliminary hearing or before one can be held, the preliminary hearing is not required.

We believe that this interpretation of *Code* 62-1-8 [1965], corresponds to the traditional function of a preliminary hearing, which was to enable the accused to test the facts which allegedly constituted probably cause for his arrest and detention. Part of the reason for a preliminary hearing rested in the fact that grand jurors only met at intervals of every three or four months, and that a defendant, without the right to test the probable cause basis for his detention, thus might be unreasonably detained.

A more modern function of the preliminary hearing is to enable the defendant to obtain discovery of the state's case during the presentation of its evidence relating to probable cause. We have accorded a liberal right of discovery to a criminal defendant once he has been indicted[9] and, as a consequence, the discovery aspect of a preliminary hearing is of diminished importance.

There can be little question that the 1965 amendments were designed to enhance the defendant's right to a preliminary hearing by creating a positive duty in *Code,*

---

[9] In *State v. Sette,* 161 W.Va. 384, 242 S.E.2d 464, 470 (1978), we stated that "criminal discovery should not be limited, absent compelling reasons for its limitation."

62-1-8 [1965], to conduct a reasonably prompt preliminary hearing once the defendant has been arrested on an indictable offense. This construction accords with the traditional purpose of the preliminary hearing, to enable the accused to challenge the probable cause for his arrest. The statutory duty in *Code*, 62-1-8 [1965], is mandatory: "[T]he preliminary examination shall be conducted ... within a reasonable time ... unless the defendant waives examination."

We, therefore, conclude that if a preliminary hearing has not been held within a reasonable time following the defendant's arrest on an offense which must be brought to the grand jury, he is entitled to enforce his statutory right to a preliminary hearing under *Code*, 62-1-8 [1965], by a mandamus proceeding in the circuit court against the committing magistrate court.

We have clearly established that where a statute confers jurisdiction on an inferior tribunal and that tribunal refuses to assume jurisdiction, mandamus is a proper remedy to compel it to exercise such jurisdiction. In Syllabus Point 1 of *Robertson v. Wrath*, 132 W.Va. 398, 52 S.E.2d 239 (1949), this point was made:

> "When a court of limited jurisdiction erroneously refuses to assume jurisdiction conferred upon it by a valid statute, mandamus is the proper remedy to compel it to exercise such jurisdiction."

The same principle can be found in a number of our earlier cases. *E.g., Conner v. Hudson*, 118 W.Va. 64, 188 S.E. 754 (1936); *Ryan v. County Court*, 86 W.Va. 40, 102 S.E. 731 (1920); *French v. Bennett*, 69 W.Va. 653, 72 S.E. 746 (1911).

The relators in this case were indicted by the grand jury prior to the time that their preliminary hearing was to be held. Therefore, for the reasons previously stated, they are not entitled to a preliminary hearing, and the writ of mandamus is denied.

*Writ denied.*