# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 17-1008** (Summers County 17-F-38)

**Brian Elisha Ballard,**
**Defendant Below, Petitioner**

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Brian Elisha Ballard, pro se, appeals the Circuit Court of Summers County's September 26, 2017, order sentencing him to not less than one nor more than three years of incarceration following his conviction for driving while revoked for driving under the influence ("DUI"), third offense. The State, by counsel Gordon L. Mowen II, filed a response. Petitioner filed a supplemental appendix. On appeal, petitioner argues that he was erroneously denied his right to a preliminary hearing and that the circuit court was biased at sentencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was arrested on April 20, 2017, for driving while revoked for DUI, third offense; possession of a controlled substance; obstructing an officer; and giving false information to a trooper. Petitioner made his initial appearance before a magistrate on this same date. A preliminary hearing was scheduled, but did not take place due to petitioner's waiver of his right to a preliminary hearing within twenty days of his initial appearance. The preliminary hearing was rescheduled for a later date, but the record reflects that petitioner's counsel moved to continue that rescheduled hearing due to a conflict. In further support of the motion to continue, petitioner's counsel cited petitioner's prior waiver of the preliminary hearing timeframe.

On July 18, 2017, and absent a preliminary hearing, petitioner was indicted on the charges for which he was arrested, and the matter was transferred to the circuit court. At a September 25, 2017, status conference, the parties announced that they had reached an agreement whereby petitioner would plead no contest to the driving revoked for DUI, third offense, charge in exchange for the dismissal of the remaining charges. Before accepting petitioner's plea, the court informed petitioner that, upon entry of his plea, he would give up certain rights, including

1

[t]he right to have a jury trial to determine your guilt or innocence; and benefit of the presumption of innocence; the right against self-incrimination; the right to confront the people who accuse you of this; the right to defend yourself; the right to call witnesses on your own behalf; and the right to challenge any violation of any legal right[.]

Petitioner indicated that he understood that he would be waiving these rights and, nonetheless, wished to enter the no contest plea.

The circuit court accepted the parties' agreement and, after petitioner waived his right to a presentence investigation report, sentenced him to not less than one nor more than three years of incarceration. The court further ordered that this sentence run concurrently with a sentence imposed in Monroe County, West Virginia, but with an effective sentencing date of the date of the hearing, September 25, 2017. These rulings were memorialized in the court's order dated September 26, 2017, and it is from this order that petitioner appeals.

On appeal, petitioner argues that he was denied his right to a preliminary hearing. Petitioner states that he executed his preliminary hearing timeframe waiver one week after the time for holding a preliminary hearing expired, and he further notes that he waived only the timeframe, and not his right to the hearing altogether. Petitioner also challenges his sentence on the ground that the sentencing judge "cannot make a[n] unbiased sentenc[e]." In support, petitioner states only that the sentencing judge was the same judge who sentenced him in another matter.[1]

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W.Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982).

Petitioner's first assignment of error concerning the preliminary hearing is without merit. We have long held that "[a] preliminary hearing in a criminal case is not constitutionally required." Syl. Pt. 1, *State ex rel. Rowe v. Ferguson*, 165 W.Va. 183, 268 S.E.2d 45 (1980). Further, if a defendant is indicted before a preliminary hearing can be held, a preliminary hearing is not required. *Id.* at 192, 268 S.E.2d at 49; *see also* W.Va. R. Crim. P. 5(c) ("[T]he preliminary

---

[1]Petitioner also asserts that "the arresting officer in my Summers County case was testifying in Monroe County in front of [the sentencing judge] at my bond revocation hearing." Petitioner fails to explain the alleged significance of this. In any event, the record reflects that the arresting officer did not testify at sentencing, nor was the officer even mentioned. Accordingly, we decline to address this alleged error. *See State, Dep't of Health and Human Res., Child Advocate Office ex rel. Robert Michael B. v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995) ("[A] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim[.]").

examination shall not be held if the defendant is indicted or if an information against the defendant is filed in circuit court before the date set for the preliminary examination."). This is so because, when "the grand jury makes the probable cause determination necessary for holding the defendant over for trial, the magistrate no longer needs to address that issue." *State v. Davis*, 236 W.Va. 550, 556, 782 S.E.2d 423, 429 (2015).

Moreover, petitioner acknowledged that he gave up certain rights, including his "right to challenge any violation of any legal right[,]" upon entry of his no contest plea. By "entering a plea of guilty [a defendant] waives all pre-trial defects with regard to his arrest, the gathering of evidence, prior confessions, etc., and further, . . . he waives all non-jurisdictional defects in the criminal proceeding."[2] *Call v. McKenzie*, 159 W.Va. 191, 198, 220 S.E.2d 665, 671 (1975) (citations omitted). Therefore, even assuming some error with respect to the failure to hold a preliminary hearing, petitioner waived the right to challenge such error upon entry of his plea.

Finally, petitioner's assertion that the circuit court was biased at sentencing is also without merit. Petitioner's sentence is within statutory limits. *See* W.Va. Code § 17B-4-3(b). Accordingly, absent identification of an impermissible factor, his sentence is not subject to appellate review. *Goodnight*, 169 W.Va. at 366, 287 S.E.2d at 505, Syl. Pt. 4. Because petitioner offers nothing more than the unsupported assertion that the circuit court was biased at sentencing, he has failed to identify any impermissible factor, and his sentence is not subject to review.

For the foregoing reasons, the circuit court's September 26, 2017, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** October 19, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating

---

[2]The consequences of entering a no contest plea are, in effect, the same as those following entry of a guilty plea. *See Humphries v. Detch*, 227 W.Va. 627, 635, 712 S.E.2d 795, 803 (2011) (citation omitted).