**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0617-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GREGORY K. PERRY,

     Defendant-Appellant.

_____

> Submitted January 14, 2019 – Decided February 4, 2019
>
> Before Judges Gooden Brown and Rose.
>
> On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 07-12-2110.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Cody T. Mason, Assistant Deputy Public Defender, of counsel and on the briefs).
>
> Dennis Calo, Acting Bergen County Prosecutor, attorney for respondent (Ian C. Kennedy, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following denial of his motion to suppress evidence seized incident to his arrest and pursuant to a search warrant, defendant Gregory K. Perry pled guilty to third-degree fraudulent use of a credit card, N.J.S.A. 2C:21-6(h) (count six), and third-degree receiving stolen property, N.J.S.A. 2C:20-7 (count eight), charged in a sixteen-count Bergen County indictment. Defendant was sentenced to consecutive three-year prison terms on each count.[1]

On appeal, defendant challenges the denial of his pro se[2] suppression motion, contending the municipal court exceeded its jurisdictional authority when it issued an arrest warrant, which charged an offense that was not committed in that municipality. Defendant further contends any evidence seized

---

[1] Count nine of the indictment, charging defendant with possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1), was dismissed pursuant to the plea bargain. Defendant previously pled guilty to count ten of the indictment, charging him with second-degree escape, N.J.S.A. 2C:29-5, and was sentenced to a five-year prison term for that conviction, which is not part of this appeal. The extensive procedural history regarding dismissal of the remaining counts of the indictment is not relevant to this appeal.

[2] Defendant was represented by counsel when he filed his motion and, against the advice of counsel, when defendant presented his argument before the motion judge.

A-0617-17T3

after execution of the arrest warrant should be suppressed pursuant to the "fruit of the poisonous tree" doctrine.[3]  We reject these arguments and affirm.

## I.

We derive the salient facts and procedural history from the record before the motion judge.  On June 20, 2007, C.Y.K.[4] reported to the Hackensack Police Department that her daughter's house was burglarized.  Several items, including C.Y.K's credit cards were stolen.  Soon thereafter, Hackensack detectives determined one of the credit cards was used at BJ's Wholesale Club's Paramus location on June 20, and another credit card was used at Pathmark's Elmwood Park location on June 21.  Video surveillance and witness identifications placed defendant at both locations.

On June 28, 2007, a Hackensack detective applied for a complaint-warrant (CDR-2),[5] which states:

> By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief [Gregory K. Perry] on or about 6-20-2007, in HACKENSACK CITY, BERGEN COUNTY, NJ, did:

---

[3]  See Wong Sun v. United States, 371 U.S. 471, 488 (1963).

[4]  We use initials to protect the privacy of the victims.

[5]  See R. 3:4-1(a)(1); see also R. 3:2-3(a).

A-0617-17T3

WITHIN THE JURISDICTION OF THIS COURT, COMMIT THE OFFENSE OF THEFT BY KNOWINGLY RECEIVING MOVABLE PROPERTY BELONGING TO [C.Y.K.] KNOWING IT WAS STOLEN, SPECIFICALLY BY USING HER MASTERCARD TO MAKE PURCHASES TOTALING $533.87 IN VIOLATION OF [N.J.S.A.] 2C:20-7(A).

PROBABLE CAUSE FOR [THE DETECTIVE'S BELIEF WAS] SET FORTH IN THE POLICE REPORT ATTACHED [TO THE CDR-2] AS EXHIBIT "A."[6]

A deputy court administrator (DCA)[7] authorized issuance of the CDR-2. Later that day, Hackensack police executed the warrant and arrested defendant at his home in Englewood. Conducting a search incident to defendant's arrest, police seized, among other things, a receipt for an attempted purchase made at BJ's Wholesale Club with C.Y.K's stolen credit card.

A few days later, Hackensack police seized stolen watches and cufflinks from defendant's impounded vehicle pursuant to a search warrant. Those items were identified by J.K., another victim, as having been stolen from his residence in Englewood on May 30, 2007.

---

[6] The police report was not provided on appeal.

[7] See R. 3:2-1(a); R. 3:2-3.

4

Pertinent to this appeal, in count six of the indictment, the grand jury charged defendant with fraudulent use of C.Y.K.'s credit card "on or about during and between June 20, 2007, and June 21, 2007, in the Boroughs of Paramus and/or Elmwood Park, in the County of Bergen, and within the jurisdiction of this [c]ourt." Count eight charged defendant with receiving stolen property for the items seized from his vehicle that belonged to J.K.

Following oral argument on February 1, 2017, the trial judge denied defendant's motion in a cogent oral decision. Relevant here, the judge found no "territorial bar or . . . municipal jurisdiction issue regarding the complaint." He elaborated:

> [T]he allegation is that there was theft or receiving stolen property out of Hackensack. The fact that the use of those credit cards or devices occurred in other municipalities does not in any way void . . . jurisdiction or cede jurisdiction from the City of Hackensack where the . . . alleged victim, a resident of Hackensack, reported the burglary or reported the theft of her property.

Thereafter, defendant appealed, but initially only challenged his sentence as excessive and, as such, the matter was scheduled on an excessive sentencing oral argument calendar. R. 2:9-11. Because defendant sought to appeal the denial of his suppression motion, at his request and prior to oral argument, we transferred the matter to a plenary calendar.

5

On appeal, defendant presents the following arguments for our consideration:

POINT I

THE MOTION TO SUPPRESS EVIDENCE SHOULD HAVE BEEN GRANTED BECAUSE THE HACKENSACK MUNICIPAL COURT LACKED JURISDICTION TO ISSUE THE ARREST WARRANT.

A. The Hackensack Municipal Court Lacked Jurisdiction to Issue the Arrest Warrant Because the Underlying Offense Was Not Alleged to Have Occurred in Hackensack.

B. The Municipal Court's Lack of Jurisdiction Was a Substantive Error Which Requires Suppression of the Fruits of the Arrest Warrant.

We reject these arguments and affirm.

II.

Our review of a trial judge's decision on a motion to suppress is "highly deferential." State v. Gonzales, 227 N.J. 77, 101 (2016); State v. Robinson, 200 N.J. 1, 15 (2009). "An appellate court reviewing a motion to suppress evidence in a criminal case must uphold the factual findings underlying the trial court's decision, provided that those findings are 'supported by sufficient credible evidence in the record.'" State v. Boone, 232 N.J. 417, 425-26 (2017) (quoting State v. Scriven, 226 N.J. 20, 40 (2016)). We owe no deference, however, to

6

conclusions of law made by trial courts in suppression decisions, which we instead review de novo. State v. Watts, 223 N.J. 503, 516 (2015).

Conceding probable cause existed for issuance of the CDR-2 here, defendant seeks our de novo review of the municipal court's territorial jurisdiction to issue the arrest warrant. In doing so, defendant cites Rule 7:2-2(a)(1) to support his contention that a CDR-2 "may be issued only by a judge" or authorized "court administrator or [DCA] of a court with jurisdiction in the municipality where the offense is alleged to have been committed."

Defendant's reliance on Rule 7:2-2(a)(1), which governs issuance of a CDR-2 for a "[c]itizen [c]omplaint[,]" is misplaced. Where, as here, a law enforcement officer applies for a CDR-2, which charges an indictable offense, Rule 3:2-3 applies. See also R. 7:1 (defining the scope of municipal court rules and specifically indicating "The rules in Part III govern the practice and procedure in indictable actions[.]"). Notably, Rule 3:2-3 does not contain the same jurisdictional-limiting provision as set forth in Rule 7:2-2(a)(1).

Nonetheless, we view any error in the issuance of the CDR-2 here as a technical error that does not vitiate the validity of the warrant, particularly since there existed probable cause for its issuance. As we recognized in State v. Broom-Smith, 406 N.J. Super. 228, 238-39 (App. Div. 2009), "our courts have

been reluctant to invalidate search warrants based on confusion over jurisdiction or other issues that do not implicate probable cause or the neutrality of the issuing judge." See also State v. Hamlett, 449 N.J. Super. 159, 178 (App. Div. 2017). "In other words, so long as the objectives underlying the warrant requirement remain intact, slight departures from strict compliance with the rules will not invalidate a search." Id. at 176. That reluctance is particularly applicable where the warrant would have been issued exactly as it was, had the applicant appeared before the correct judge, and there was no evidence of bad faith. Id. at 178; see also State v. Gadsden, 303 N.J. Super. 491, 505 (App. Div. 1997) (declining to invalidate an arrest warrant where probable cause existed, but the warrant was executed outside the arresting officers' jurisdiction, deeming any jurisdictional violation was technical and procedural).

Although our decisions in Hamlett and Broom-Smith pertained to the issuance of warrants to search premises outside the municipality's geographical boundaries, our rationale applies with even greater force to the arrest warrant at issue here, where the grand jury's indictment superseded the CDR-2. Consequently, any technical deficiency in the warrant, if it existed, is irrelevant to the charges for which defendant was sentenced. See State v. Boykin, 113 N.J. Super. 594, 596 (Law Div. 1971) (noting that even after dismissal of a

8

complaint, a defendant "may still be indicted and convicted for the same offense").

Moreover, as the State contends, "Theft under the Code is a single offense. . . . [T]heft by actual taking and theft by receiving are both theft." Cannel, N.J. Criminal Code Annotated, cmt. 2 on N.J.S.A. 2C:20-2 (2018). As stated by the New Jersey Criminal Law Revision Commission in its commentary to the proposed New Jersey Penal Code:

> Consolidation of receiving with other forms of theft affords the same advantages as other aspects of the unification of the theft concept. It reduces the opportunity for technical defenses based upon legal distinctions between the closely related activities of stealing and receiving what is stolen. One who is found in possession of recently stolen goods may be either the thief or the receiver; but if the prosecution can prove the requisite thieving state of mind it makes little difference whether the jury infers that the defendant took directly from the owner or acquired from the thief.
>
> [2 Final Report of the New Jersey Criminal Law Revision Commission, commentary to § 2C:20-7, at 232 (1971).]

In the present case, the credit card identified in the CDR-2 was stolen during the course of a burglary that occurred in Hackensack. Thus, Hackensack Municipal Court had jurisdiction to issue the warrant because "theft by actual taking"

occurred in Hackensack, even though defendant was not charged in the CDR-2 with that specific offense.

Finally, because any error in the issuance of the arrest warrant was technical, and subsumed by the indictment, we discern no reason to exclude the evidence seized thereafter. See State v. Evers, 175 N.J. 355, 379-80 (2003). Defendant's remaining arguments, to the extent we have not addressed them, lack sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION