**UNITED STATES of America,**
v.
**Leon J. LEWIS, Defendant.**
**No. 67 Cr. 2.**

United States District Court
S. D. New York.
April 11, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, by Stephen F. Williams, Asst. U. S. Atty., for the Government.

Herbert B. Greene, New York City, for defendant.

## MEMORANDUM

BONSAL, District Judge.

Defendant, named in an eleven-count indictment charging substantive violations of 26 U.S.C. §§ 5171(a), 5173(a), 5178, 5179, and 5601(a) (1), (2), (4), (6), and (7), moves for a Bill of Particulars pursuant to Rule 7(f), F.R. Crim.P., and for discovery and inspection pursuant to Rule 16, F.R.Crim.P.

Prior to argument, counsel for defendant agreed to narrow the scope of the request for particulars, and a Bill of Particulars responding to the request as modified has been served and filed.

Therefore, at argument the motion in this respect was withdrawn without prejudice.

By the motion for discovery and inspection, defendant seeks to inspect and copy the following:

1. All written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government;

2. All results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the crimes charged in the indictment, or copies thereof, within the possession, custody or control of the government;

3. The recorded testimony of the defendant before any grand jury with respect to the particular acts referred to in the indictment of this case;

4. All books, papers, documents, tangible objects, buildings or places or copies or portions thereof, which are within the possession, custody or control of the government, and which are referred to in the indictment of this case, or are referred to in any complaint, warrant, affidavit or other legal document preceding the date of filing of the indictment, including, without limitation, the affidavit of the superintendent of the apartment building at 12 West 132nd Street, New York City, New York, and the affidavit of Pedreto Gibel referred to in the complaint filed with the United States Commissioner for the Southern District of New York in this case.

As to items 1 and 3, the Government in its affidavit states that there are no such statements, confessions or testimony.

As to item 2, the Government has agreed to furnish the defendant with the chemical analyses of samples of the materials found in the stills that are the subjects of the indictment, and states that no other reports or results exist.

As to item 4, defense counsel has agreed to narrow the scope of this re-

quest to cover only the two affidavits specifically mentioned therein and referred to in the complaint dated July 7, 1965, seeking a Commissioner's warrant for the arrest of the defendant in connection with the crime charged in Count 1 of the indictment.

 Having inspected the two affidavits *in camera*, the Court determines that they are not discoverable under Rule 16. The affidavits were not attached to the July 7 complaint or furnished to the Commissioner in support of the warrant. They constitute statements by prospective Government witnesses and, as such, are specifically immune from discovery under Rule 16(b). Moreover, 18 U.S.C. § 3500(a) explicitly provides that such statements shall not be the subject of subpoena, discovery, or inspection until the witness whose statement is sought has testified on direct examination in the trial of the case.

Defendant contends, nonetheless, that he should be permitted to inspect the affidavits because he *might* have seen them at a preliminary hearing had the hearing not been adjourned when he was without counsel. Defendant was arraigned on December 19, 1966 and a preliminary hearing, first set for December 29, 1966, was subsequently adjourned to January 5, 1967. The grand jury indictment was returned on January 3, 1967 and the preliminary hearing was never held.

The short answer to this argument is that the function of a preliminary hearing is not one of discovery, but one of determining probable cause to hold the defendant. Even conceding that a preliminary hearing may serve tangentially as a discovery device, 8 Moore, Federal Practice, ¶ 16.04 (2d ed. 1966), it does not appear that the adjournment of the preliminary hearing was part of an "oppressive design for delay" to prejudice his rights. See, United States v. Wilson, 342 F.2d 782, 783 (2d Cir. 1965). Therefore, there is no reason for not adhering to the mandate expressed in Rule 16(b) and 18 U.

S.C. § 3500 to the effect that witnesses' affidavits are not discoverable prior to trial.

For the foregoing reasons, defendant's motion for discovery and inspection is denied except insofar as the Government has consented to furnish the defendant with the chemical analyses of materials found in stills that are the subjects of the indictment. If the Government has not already done so, these analyses will be turned over to the defendant for inspection and copying within ten days.

It is so ordered.