BOBBY KERMIT GIBSON

*v.*

ARTHUR MCKENZIE, *Warden, etc.*

(No. 14021)

Decided November 5, 1979.

*Ralph Dunn* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Frances W. McCoy,* Assistant Attorney General, for defendant in error.

PER CURIAM:

On September 26, 1977, this Court granted petitioner's application for a writ of error and supersedeas. Petitioner appealed from a final judgment of the Circuit Court of Nicholas County which dismissed his petition for a writ of habeas corpus and denied the relief sought. The matter comes before the Court on the petition, note, brief and reply brief of the plaintiff in error, and the brief of the defendant in error. Both sides presented oral argument on October 2, 1979 and the matter was accepted for decision at that time.

The petitioner contends the Circuit Court of Nicholas County committed error when it found as a matter of law the petitioner was not deprived of effective assistance of counsel; and further contends the court erred when it found as a matter of law the petitioner's guilty plea was knowingly, intelligently and voluntarily entered. We conclude the rulings were correct and we affirm the judgment below dismissing the petition and denying the writ.

The petitioner was arrested at 11:00 a.m. on July 29, 1971. He was charged with armed robbery. He was questioned intermittantly by members of the department of public safety until about 5:00 p.m. During that time he asked counsel be provided for him. About 7:30 that evening, petitioner was taken before a magistrate. A notation on the magistrate's docket indicated petitioner requested counsel. The magistrate noted on the docket that petitioner was "waived" to the grand jury. It appears that no preliminary hearing was held.

Petitioner was returned to the Nicholas County jail and placed in a cell by himself. Petitioner renewed his requests for appointment of counsel but none was appointed until August 19, twenty-one days after his arrest. He was arraigned on the 19th and a plea of not guilty was entered. The evidence is conflicting as to how many times petitioner and his counsel conferred during the subsequent fifty-six days preceding the October 14 entry of a *nolo contendere* plea.[1] Petitioner contends counsel met with him no more than three times; two of those meetings concerned a change of venue, and only one, for twenty minutes on the eve of the trial, concerned the entry of the *nolo contendere* plea.

In contradiction, counsel contends he met with petitioner on six to eight occasions during this period.

On the 14th of October, the petitioner was brought before the court and questioned regarding entry of a plea. The court asked the required questions and the petitioner answered in a manner indicating his plea was knowingly and voluntarily entered. The transcript of the guilty plea proceeding was made a part of the habeas corpus record and it substantially follows the requirements of *Call v. McKenzie,* ____ W. Va. ____, 220 S.E.2d 665 (1975). On the 21st of October the petitioner was brought before the court for sentencing. The court imposed a life sentence. At the time the sentence was

---

[1]Petitioner entered a plea of *nolo contendere* which the trial court correctly treated as a plea of guilty. Accordingly, we refer to the plea as a guilty plea.

imposed, the petitioner reacted violently and with apparent surprise. Petitioner contends counsel had informed him if he pled *nolo contendere* the second indictment against him would be dropped, counsel would talk to the court, and petitioner could get ten years. Counsel indicates he only told petitioner he could get a minimum of ten years; and no further discussion of possible sentences occurred.

Petitioner contends a valid plea bargain agreement existed and he is entitled to the benefit of that bargain. The evidence not only at the time the plea was entered but at the habeas corpus hearing supports the conclusion that no plea bargain existed. Here, none of the conditions set out in the majority or the dissenting opinion in *Brooks v. Narick*, ____ W. Va. ____, 243 S.E.2d 841 (1978) existed. Accordingly, the conclusion that there was any sort of plea bargain that induced the guilty plea is not warranted. The trial court's findings of fact and conclusion of law in this regard were correct.

Petitioner argues that the long delay in the appointment of counsel, and the failure to accord him a preliminary hearing, violated his constitutional rights. While we do not condone delay in the appointment of counsel where, as here, an indigent requests it, we know of no case in which undue delay in the appointment of counsel has vitiated a guilty plea. There is no contention in this case that any confessions were obtained between the time petitioner asked for counsel and the time one was actually appointed. See *State v. Bradley*, ____ W. Va. ____, 255 S.E.2d 356 (1979).

On the issue of the absence of a preliminary hearing we recognize the right to a preliminary hearing is statutorily mandated by *W. Va. Code*, 62-1-8, however, we have never held the failure to hold a preliminary hearing is a constitutional violation. *Lycans v. Bordenkircher*, ____ W. Va. ____, 222 S.E.2d 14 (1975).

In the final analysis where a guilty plea has been entered and is later attacked on grounds that relate to

ineffective assistance of counsel, we are committed to the following rule:

> "Before a guilty plea will be set aside based on the fact that the defendant was incompetently advised, it must be shown that (1) counsel did act incompetently; (2) the incompetency must relate to a matter which would have substantially affected the fact-finding process if the case had proceeded to trial; (3) the guilty plea must have been motivated by this error." Syl. pt. 3, *State v. Sims*, ____ W. Va. ____, 248 S.E.2d 834 (1978); Syl. pt. 1, *State ex rel. Burton v. Whyte*, ____ W. Va. ____, 256 S.E.2d 424 (1979).

We cannot conclude from this record that the petitioner has met the burden of proof with regard to the foregoing test. The trial court's conclusion that petitioner had effective counsel is supported by the evidence and there is nothing presented that suggests the plea was other than voluntary.

Based on the foregoing it is the opinion of this Court that the judgment of the circuit court dismissing the petitioner's petition for habeas corpus and denying the relief sought was correct. We affirm the judgment below.

Justice McGraw would conclude that the totality of circumstances surrounding the petitioner's initial deprivation of counsel and the quality of his subsequent representation are such that he should be allowed to withdraw his *nolo contendere* plea and enter a plea of not guilty.

*Affirmed.*