IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2015 Term

FILED

**November 5, 2015**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 14-1162

STATE OF WEST VIRGINIA,
Respondent Below, Petitioner,

v.

MEGAN DAVIS,
Petitioner Below, Respondent.

Appeal from the Circuit Court of Cabell County
The Honorable F. Jane Hustead, Judge
Civil Action No. 14-C-579

REVERSED

Submitted: September 23, 2015
Filed: November 5, 2015

Joe M. Fincham II, Esq.
Assistant Prosecuting Attorney
Huntington, West Virginia
Attorney for Petitioner

A. Courtenay Craig, Esq.
Huntington, West Virginia
Attorney for Respondent

JUSTICE LOUGHRY delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "A *de novo* standard of review applies to a circuit court's decision to grant or deny a writ of mandamus."  Syl. Pt. 1, *Harrison Cty. Comm'n v. Harrison Cty. Assessor*, 222 W.Va. 25, 658 S.E.2d 555 (2008).

2.      "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."  Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

3.      "Court rules are interpreted using the same principles and canons of construction that govern the interpretation of statutes."  Syl. Pt. 2, *Casaccio v. Curtiss*, 228 W.Va. 156, 718 S.E.2d 506 (2011).

4.      "'A preliminary examination conducted pursuant to Rule 5.1 of the West Virginia Rules of Criminal Procedure serves to determine whether there is probable cause to believe that an offense has been committed and that the defendant committed it; the purpose of such an examination is not to provide the defendant with discovery of the nature of the State's case against the defendant, although discovery may be a by-product of the preliminary examination.'  Syl. pt. 1, *Desper v. State*, 173 W.Va. 494, 318 S.E.2d 437 (1984)."  Syl. Pt. 3, *State v. Davis*, 232 W.Va. 398, 752 S.E.2d 429 (2013).

i

5. "Where the State proceeds under W.Va. Code, 62-1-1, *et seq.*, to arrest the accused for an offense which must be brought before the grand jury, the defendant is entitled to a preliminary hearing under W.Va. Code, 62-1-8 (1965). If, however, the State elects to indict him without a preliminary hearing or before one can be held, the preliminary hearing is not required." Syl. Pt. 3, *State ex rel. Rowe v. Ferguson*, 165 W.Va. 183, 268 S.E.3d 45 (1980).

6. "Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments." Syl. Pt. 3, *Smith v. State Workmen's Comp. Comm'r*, 159 W.Va. 108, 219 S.E.2d 361 (1975).

7. Where a criminal complaint initiated pursuant to West Virginia Code § 62-1-1 (2014) has been dismissed, the right to a preliminary hearing arising under West Virginia Code § 62-1-8 (2014) no longer exists.

8. "Most courts hold that as a general rule, a trial court should not grant a motion to dismiss criminal charges unless the dismissal is consonant with the public interest in the fair administration of justice." Syl. Pt. 12, in part, *Myers v. Frazier*, 173 W.Va. 658, 319 S.E.2d 782 (1984).

LOUGHRY, Justice:

The State of West Virginia appeals from the October 23, 2014, order of the Circuit Court of Cabell County granting a petition for writ of mandamus filed by the respondent herein, Megan Davis. At issue in this mandamus case is a separate, criminal case against the respondent that was dismissed by Cabell County Magistrate Ron Baumgardner upon the State's motion prior to holding a preliminary hearing.[1] Because the State indicated that it might seek an indictment for the alleged criminal conduct, the circuit court ruled that the respondent is entitled to a preliminary hearing. After a careful review of this matter, we conclude that the respondent is not entitled to a preliminary hearing. Accordingly, we reverse.

## I. Factual and Procedural Background

On August 4, 2014, a City of Huntington police officer filed a criminal complaint in magistrate court charging the respondent with conspiracy to deliver a controlled substance, which is a felony. The complaint alleged that she arranged for a person who was cooperating with law enforcement to sell sixteen grams of marijuana to a third party. The respondent was arrested and arraigned on August 5, 2014. Thereafter, her bail was reduced and, on August 15, 2014, she was released on a personal recognizance bond. On August 21,

---

[1]Although the parties' briefs denominated the magistrate judge as the petitioner in this appeal, the State of West Virginia is the real party in interest. The style of this opinion has been modified accordingly.

1

2014, the respondent's defense counsel suggested to the assistant  prosecutor that the criminal charge was unsupportable because the respondent had been entrapped.  Acting on this information, the assistant prosecutor directed the police to investigate the entrapment claim.

The following day, August 22, 2014, the parties appeared in magistrate court for a preliminary hearing on the criminal charge.  Before the preliminary hearing commenced, the assistant prosecutor filed a motion with the magistrate court seeking to dismiss the criminal complaint without prejudice.  The prosecutor indicated that the case was to be dismissed "for direct," which signaled that the State might, in the future, present the matter to the grand jury for possible indictment.  The prosecutor asked for the dismissal because he did not believe he was in a position to proceed with the preliminary hearing, in part because the State had not yet completed its investigation concerning the respondent's allegation of entrapment.  Opposing the motion, the respondent offered to waive the preliminary hearing in exchange for an "open file policy," allowing her access to the State's file on the criminal charge.  The State declined this offer.  Over the respondent's objection, the magistrate court granted the motion to dismiss the criminal complaint.  As a result, no preliminary hearing was held.

2

Later that same day, although the criminal complaint had been dismissed, the respondent filed a petition for writ of mandamus asking the circuit court to require the magistrate "to hold a pre-indictment preliminary hearing for the [respondent] so that [s]he may be able to protect [her] rights[.]" The mandamus petition also sought a standing order requiring every magistrate in the county to ensure that the right to a preliminary hearing is observed in every criminal case.

After briefing and oral argument on the mandamus petition, the circuit court ruled that the respondent was entitled to a preliminary hearing provided the hearing could be held prior to the return of an indictment against her. The circuit court reasoned that the State may move to dismiss a criminal charge "altogether," but it has no right to seek the dismissal of a felony charge in order to directly present the matter to a grand jury, gain a tactical advantage over a defendant, or merely circumvent a defendant's right to a preliminary hearing.[2] A written Final Order reflecting the circuit court's mandamus ruling was entered

---

[2]During the mandamus hearing, after the circuit court announced its ruling, the court and the parties discussed how to proceed. In light of the ruling, the State indicated that it would acquiesce to the respondent's request for an open file policy, while the respondent agreed that she would waive the preliminary hearing and the criminal case could remain dismissed. Although these terms were incorporated into the circuit court's Final Order, that order was immediately stayed, and the record is clear that the parties acquiesced only as a result of the circuit court's ruling. The State asserts that the mandamus ruling constitutes error as a matter of law impacting this and other cases.

3

on October 23, 2014. By separate order entered that same day, the circuit court stayed the execution of its Final Order pending the outcome of this appeal.

## II. Standard of Review

This appeal is from a circuit court's order in a mandamus case. "A *de novo* standard of review applies to a circuit court's decision to grant or deny a writ of mandamus." Syl. Pt. 1, *Harrison Cty. Comm'n v. Harrison Cty. Assessor*, 222 W.Va. 25, 658 S.E.2d 555 (2008); *accord* Syl. Pt. 1, *Staten v. Dean*, 195 W.Va. 57, 464 S.E.2d 576 (1995) ("The standard of appellate review of a circuit court's order granting relief through the extraordinary writ of mandamus is de novo."). Similarly, our review is plenary on the issues before us pertaining to the interpretation of state statutes and court rules. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). "Court rules are interpreted using the same principles and canons of construction that govern the interpretation of statutes." Syl. Pt. 2, *Casaccio v. Curtiss*, 228 W.Va. 156, 718 S.E.2d 506 (2011). With this in mind, we consider the parties' arguments.

## III. Discussion

The State argues that the respondent is not entitled to a preliminary hearing because her criminal complaint was dismissed, and that it was error for the circuit court to conclude that a magistrate may not dismiss a felony charge before holding a preliminary hearing. The respondent contends that she is entitled to a pre-indictment preliminary hearing as a matter of right under the plain language of statutory and judicial rule. This case requires us to examine two issues of criminal procedure: an accused's right to a preliminary hearing, and the State's authority to seek the dismissal of a criminal complaint. We begin our analysis with a brief overview of the law of preliminary hearings in West Virginia.

"[T]his Court has consistently recognized that a preliminary hearing is not a federal constitutional mandate, and that there is nothing in our State *Constitution* which would give an independent state constitutional right to a preliminary hearing." *Peyatt v. Kopp*, 189 W.Va. 114, 116, 428 S.E.2d 535, 537 (1993) (footnote and citations omitted); *accord* Syl. Pt. 1, *State ex rel. Rowe v. Ferguson*, 165 W.Va. 183, 268 S.E.2d 45 (1980) ("A preliminary hearing in a criminal case is not constitutionally required."). Accordingly, the parties focus upon statutory and judicial rules to support their arguments.

In article one, chapter sixty-two of the West Virginia Code, the Legislature established a preliminary procedure to "deal with arrest[s] . . . and the attendant steps to bring the arrested person before a magistrate to be informed of the nature of the charge, his right

5

to counsel and the arrangement for bail." *Rowe,* 165 W.Va. at 189, 268 S.E.2d at 48.

Section one of this article provides for the filing of a written complaint stating the essential facts of the crime charged,[3] while sections two[4] through five pertain to the issuance and execution of an arrest warrant based upon the filing of that criminal complaint. Section six requires that a magistrate court inform the defendant of the nature of the criminal complaint, his or her rights, and the possibility of bail. This statute provides, inter alia, that "[t]he [magistrate] shall in plain terms inform the defendant of the nature of the complaint against him, of his right to counsel and, if the offense is to be presented for indictment, of his right to have a preliminary examination." W.Va. Code § 62-1-6 (2014). Section eight pertains to a preliminary examination, commonly referred to as a preliminary hearing:

> If the offense is to be presented for indictment, the preliminary examination shall be conducted by a [magistrate] of the county in which the offense was committed within a reasonable time after the defendant is arrested, unless the defendant waives examination. The defendant shall not be

---

[3]West Virginia Code § 62-1-1 (2014) provides that "[t]he complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a [magistrate]." Although the statute originally used the term "justice of the peace," by operation of West Virginia Code § 50-1-17 (2008), all references to that term in this and other state statutes was replaced with "magistrate."

[4]West Virginia Code § 62-1-2 (2014) provides as follows:

> If it appears from the complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to arrest persons charged with offenses against the State. More than one warrant may issue on the same complaint.

called upon to plead. Witnesses shall be examined and evidence introduced for the State under the rules of evidence prevailing in criminal trials generally. The defendant or his attorney may cross-examine witnesses against him and may introduce evidence in his own behalf. On motion of either the State or the defendant, witnesses shall be separated and not permitted in the hearing room except when called to testify. If the defendant waives preliminary examination or if, after hearing, it appears from the evidence that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the [magistrate] shall forthwith hold him to answer in the court having jurisdiction to try criminal cases. If the evidence does not establish probable cause, the defendant shall be discharged. After concluding the proceeding the [magistrate] shall transmit forthwith to the clerk of the court to which the defendant is held to answer all papers in the proceeding and any bail taken by him.

W.Va. Code § 62-1-8 (2014). Similar language is found in procedural rules promulgated by this Court. Rule 5(c) of the West Virginia Rules of Criminal Procedure provides, in pertinent part, that "[i]f the offense is to be presented for indictment, a defendant is entitled to a preliminary examination, unless waived[,]" while Rule 5(e) of the Rules of Criminal Procedure for Magistrate Courts states, "[i]f the offense is to be presented for indictment, a defendant is entitled to a preliminary examination unless waived."

The well-settled purpose of a preliminary hearing is to determine whether there is probable cause to hold a defendant to answer for the alleged offenses set forth in the criminal complaint. This purpose is made clear in West Virginia Code § 62-1-8: "[I]f, after hearing, it appears from the evidence that there is probable cause to believe that an offense

7

has been committed and that the defendant has committed it, the [magistrate] shall forthwith hold him to answer in the court having jurisdiction to try criminal cases." However, "[i]f the evidence does not establish probable cause, the defendant shall be discharged." *Id.* This same principle was incorporated into identically-worded provisions of Rule 5.1(a) of our Rules of Criminal Procedure and Rule 5.1(a) of our Rules of Criminal Procedure for Magistrate Courts: "If from the evidence it appears that there is probable cause to believe that an offense has been committed and that the defendant committed it, the magistrate shall forthwith hold the defendant to answer in circuit court." Separate subsections of these same rules provide that if the evidence at the preliminary hearing does not present probable cause, then "the magistrate shall dismiss the complaint and discharge the defendant. The discharge of the defendant shall not preclude the state from instituting a subsequent prosecution for the same offense." W.Va. R. Crim. P. 5.1(b), W.Va. R. Crim. P. Mag. Ct. 5.1(b).

It has long been the law in this state that a preliminary hearing is not conducted for the purpose of allowing a criminal defendant to perform discovery:

> "A preliminary examination conducted pursuant to Rule 5.1 of the West Virginia Rules of Criminal Procedure serves to determine whether there is probable cause to believe that an offense has been committed and that the defendant committed it; the purpose of such an examination is not to provide the defendant with discovery of the nature of the State's case against the defendant, although discovery may be a by-product of the preliminary examination." Syl. pt. 1, *Desper v. State*, 173 W.Va. 494, 318 S.E.2d 437 (1984).

8

Syl. Pt. 3, *State v. Davis*, 232 W.Va. 398, 752 S.E.2d 429 (2013).  Moreover, a preliminary hearing is not required if the state elects to proceed directly to a grand jury without arresting the accused, or if the accused is arrested but indicted before the date set for the preliminary examination:

> Where the State proceeds under W.Va. Code, 62-1-1, *et seq.*, to arrest the accused for an offense which must be brought before the grand jury, the defendant is entitled to a preliminary hearing under W.Va. Code, 62-1-8 (1965).  If, however, the State elects to indict him without a preliminary hearing or before one can be held, the preliminary hearing is not required.

*Rowe*, 165 W.Va. at 183, 268 S.E.2d at 45, syl. pt. 3; *accord* W.Va. R. Crim. P. Rule 5(c), W.Va. R. Crim. P. Mag. Ct. Rule 5(e).  Because the grand jury makes the probable cause determination necessary for holding the defendant over for trial, the magistrate no longer needs to address that issue.

The State contends that pursuant to the aforementioned law, there is no reason to hold a preliminary hearing because the criminal complaint against the respondent was dismissed.  Conversely, the respondent asserts that because there is a possibility her matter may be reviewed by a grand jury, a preliminary hearing is mandatory pursuant to the following language in West Virginia Code § 62-1-8:  "If the offense is to be presented for indictment, the preliminary examination shall be conducted . . . unless the defendant waives examination."  *See also* W.Va. R. Crim. P. 5(c), W.Va. R. Crim. P. Mag. Ct. 5(e).  The respondent asserts that she did not waive this right when she was before the magistrate.

Although the circuit court agreed with the respondent's assertion, we do not find it convincing or persuasive.

First, the circuit court's ruling reflects a misapprehension of the reason for holding a preliminary hearing. A magistrate is tasked with determining whether there is probable cause that a defendant committed a crime so as to justify continuing to hold the defendant to answer in court. As indicated above, "if, after hearing, it appears from the evidence that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the [magistrate] shall *forthwith hold him to answer in the court having jurisdiction to try criminal cases. If the evidence does not establish probable cause, the defendant shall be discharged.*" W.Va. Code § 62-1-8, in part (emphasis added); *accord* W.Va. R. Crim. P. 5.1, W.Va. R. Crim. P. Mag. Ct. 5.1.

Given the magistrate court's dismissal of the criminal complaint, there are no pending criminal charges against the respondent. She is neither incarcerated nor released on any type of bond. The magistrate court did not simply cancel the preliminary hearing; rather, it dismissed the criminal complaint. Because the respondent is not being "held" to answer for a criminal charge, there is no reason for the magistrate to make a probable cause determination and no basis to conduct a preliminary hearing. Although the respondent may wish to obtain information from the State for purposes of defending against a possible future

10

indictment, pre-trial discovery is not the purpose of a preliminary hearing. *See e.g.*, *Desper*, 173 W.Va. at 495, 318 S.E.2d at 438-39, syl. pt. 1.

Second, the manner in which the respondent and the circuit court interpret the phrase "[i]f the offense is to be presented for indictment, the preliminary examination shall be conducted[,]" is incongruous with the remainder of West Virginia Code § 62-1-8 and other statutes in article one, chapter sixty-two. West Virginia Code § 62-1-8 is "part of a larger criminal procedure article [that] deals with the initiation of a criminal case beginning with the filing of a complaint for an arrest warrant." *Rowe*, 165 W.Va. at 189, 268 S.E.2d at 48. As such, it must be read *in pari materia* with its related statutes. *Id.* "Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments." Syl. Pt. 3, *Smith v. State Workmen's Comp. Comm'r*, 159 W.Va. 108, 219 S.E.2d 361 (1975); *see also* Syl. Pt. 5, in part, *Fruehauf Corp. v. Huntington Moving & Storage Co.*, 159 W.Va. 14, 217 S.E.2d 907 (1975) ("Statutes which relate to the same persons or things, or to the same class of persons or things, or statutes which have a common purpose will be regarded in *pari materia* to assure recognition and implementation of the legislative intent.").

Reading West Virginia Code § 62-1-8 in context with the rest of article one makes clear that there must be a pending criminal complaint before an accused is entitled to

a preliminary hearing. West Virginia Code § 62-1-1 explains that "[t]he complaint is a written statement of the essential facts constituting the offense *charged*." *Id.* (emphasis added.) West Virginia Code § 62-1-2 provides for the issuance of an arrest warrant if it appears from the complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it. West Virginia Code § 62-1-6 directs the magistrate to inform the defendant "of the nature of *the complaint against him*, of his right to counsel and, if the offense is to be presented for indictment, of his right to have a preliminary examination." *Id.* (emphasis added). West Virginia Code § 62-1-8 requires the magistrate to make a probable cause determination in order to "hold" the accused for the court having criminal jurisdiction over the matter. All of these provisions presuppose there is a pending criminal complaint for which the defendant is subject to arrest; was arrested and incarcerated; or was arrested and released on bail or personal recognizance–in other words, the defendant is in some manner being held to answer for a particular charge. In short, these statutes and the corresponding court rules clearly demonstrate that a preliminary hearing is only required when there is a pending criminal complaint. Because the criminal complaint against the respondent was dismissed in its entirety, the preliminary procedures specified in West Virginia Code §§ 62-1-1 through 62-1-12 for the handling of that criminal complaint are wholly inapplicable.

12

As this Court has previously recognized, West Virginia Code § 62-1-8 provides only a conditional right to a preliminary hearing. In *Rowe*, the relators argued they were entitled to a preliminary hearing after they were indicted by a grand jury. 165 W.Va. 183, 268 S.E.2d 45. The magistrate had scheduled a preliminary hearing on the criminal complaint, but the hearing was cancelled upon the issuance of the indictment. We determined that if the Legislature had intended an absolute right to a preliminary hearing following indictment, it would have expressly provided for such hearing. *Id.* at 191-92, 268 S.E.2d at 49. Instead, if "the State elects to indict [an accused] without a preliminary hearing or before one can be held, the preliminary hearing is not required." *Id.* at 183, 268 S.E.2d at 45, syl. pt. 3, in part.

Examining the meaning of the phrase, "[i]f the offense is to be presented for indictment, the preliminary examination shall be conducted[,]" that appears in West Virginia Code § 62-1-8, the *Rowe* Court recognized "two basic principles. First, [the phrase] demonstrates a recognition that all offenses need not be presented for indictment. Second, the wording [of the phrase] conditions the right to a preliminary hearing on a future event . . . that is, the offense will be presented to the grand jury." *Rowe*, 165 W.Va. at 191, 268 S.E.2d at 49. Notably, our analysis in *Rowe* did not address or even contemplate the prior

13

dismissal of the criminal complaint about which the preliminary hearing would pertain.[5]

When viewed in this context, it is clear West Virginia Code § 62-1-8 sets forth an additional principle underlying the conditional right to a preliminary hearing: The subject "offense" must be charged in a pending criminal complaint.

The respondent relies upon *Peyatt v. Kopp*, wherein this Court stated that "Rule 5 of the *West Virginia Rules of Criminal Procedure* provides . . . that a defendant is entitled to a preliminary hearing unless it is waived." *Peyatt*, 189 W.Va. at 116, 428 S.E.2d at 537. However, we did not consider in *Peyatt* whether a person is entitled to a preliminary hearing after the criminal complaint is dismissed. Moreover, in *Peyatt* this Court recognized limitations on the right to a preliminary hearing, including that no such hearing is required after an indictment has issued,[6] that a preliminary hearing is not for the purpose of providing the defendant with discovery of the nature of the State's case,[7] and that evidence introduced at a preliminary hearing may be limited to the question of probable cause.[8] Thus, *Peyatt* does not support the respondent's position.

---

[5]One possible reason why *Rowe* did not contemplate the prior dismissal of the criminal complaint is that most defendants are not likely to object to the dismissal of their criminal charges.

[6]189 W.Va. at 116, 428 S.E.2d at 537.

[7]189 W.Va. at 117, 428 S.E.2d at 538.

[8]189 W.Va. at 117, 428 S.E.2d at 538.

14

Based on the above, we conclude, and now hold, that where a criminal complaint initiated pursuant to West Virginia Code § 62-1-1 has been dismissed, the right to a preliminary hearing arising under West Virginia Code § 62-1-8 no longer exists.

We also reject the circuit court's conclusion that if the state might seek an indictment in the future, a magistrate court cannot dismiss a criminal complaint without holding a preliminary hearing.[9]  As discussed above, a preliminary hearing is not a prerequisite for a grand jury indictment.  *See Rowe*, 165 W.Va. at 183, 268 S.E.2d at 45, syl. pt. 3, in part ("If, however, the State elects to indict him without a preliminary hearing . . . the preliminary hearing is not required."); *accord* Syl. Pt. 6, in part, *State v. Hutcheson*, 177 W.Va. 391, 352 S.E.2d 143 (1986); ("The . . . failure to hold a preliminary hearing will not vitiate an indictment."); W.Va. R. Crim. P. Rule 5(c) ("[T]he preliminary examination shall not be held if the defendant is indicted[.]"); W.Va. R. Crim. P. Mag. Ct. Rule 5(e) (same). The Legislature has directed that,

> [p]rosecutions for offenses against the State, unless otherwise provided, shall be by presentment or indictment. The trial of a person on a charge of felony shall always be by indictment; and *indictment may be found in the first instance, whether the accused has been examined or committed by a [magistrate] or not*.

W.Va. Code § 62-2-1 (2014) (emphasis added).

---

[9]The circuit court even indicated during the mandamus hearing that the criminal charges should be re-filed just to afford the respondent a preliminary hearing.

In the instant matter, the State moved to dismiss the criminal complaint pursuant to Rule 16(a) of the Rules of Criminal Procedure for Magistrate Courts, which provides that "[t]he attorney for the state may move to dismiss a complaint, and if the magistrate grants the motion the prosecution shall thereupon terminate. Such a dismissal shall not be granted during the trial without the consent of the defendant." Nearly identical language is found in Rule 48(a) of the Rules of Criminal Procedure: "The attorney for the state may by leave of court file a dismissal of an indictment, information or complaint, and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant." These procedural rules restrict a prosecutor by requiring leave of court for a dismissal. *State v. McWilliams*, 177 W.Va. 369, 373, 352 S.E.2d 120, 125 (1986) ("A prosecutor cannot dismiss criminal charges without the prior approval of the court.") Furthermore, when making a motion to dismiss, the prosecutor must provide the court with reasons for the dismissal. *State v. Robert Scott R., Jr.*, 233 W.Va. 12, 27, 754 S.E.2d 588, 603 (2014); Syl. Pt. 11, *Myers v. Frazier*, 173 W.Va. 658, 319 S.E.2d 782 (1984); *State ex rel. Skinner v. Dostert*, 166 W.Va. 743, 753, 278 S.E.2d 624, 632 (1981). Importantly, the court should not grant the motion "unless the dismissal is consonant with the public interest in the fair administration of justice." *Myers*, 173 W.Va. at 662, 319 S.E.2d at 786, syl. pt. 12, in part. Finally, the rules dictate that the defendant's consent to dismissal is only required if the motion is made during trial. W.Va. R. Crim. P. 48(a); W.Va. R. Crim. P. Mag. Ct. 16(a).

16

In the case at bar, the State did seek leave of court to dismiss the criminal complaint, and the magistrate court granted the motion. Moreover, in the mandamus case the circuit court recognized that the State's motion to dismiss was made, at least in part, because the police had not completed the investigation of the respondent's entrapment claim. The suggestion of entrapment had been raised just one day earlier. In light of this, there was no basis upon which the circuit court could conclude that the dismissal of the respondent's criminal complaint was contrary to the fair administration of justice.

Rule 16(a) of the Rules of Criminal Procedure for Magistrate Courts and Rule 48(a) of the Rules of Criminal Procedure do not state that the dismissal of a pre-indictment felony criminal complaint must be with prejudice or, as the circuit court coined it, be "dismissed altogether." Indeed, given the procedural circumstances of the respondent's case, such a conclusion would be illogical in view of additional court rules. Even if the State had gone forward with the preliminary hearing and the magistrate court had dismissed the complaint against the respondent for a lack of probable cause, the State still could have sought an indictment against her. When discussing preliminary hearings, both Rule 5.1(b) of the Rules of Criminal Procedure and Rule 5.1(b) of the Rules of Criminal Procedure for Magistrate Courts provide as follows:

> *Discharge of defendant.* – If from the evidence it appears that there is no probable cause to believe that an offense has been committed or that the defendant committed it, the magistrate shall dismiss the complaint and discharge the

17

defendant. *The discharge of the defendant shall not preclude the state from instituting a subsequent prosecution for the same offense.*

*Id.* (emphasis added). If an offense alleged in a pre-indictment complaint that is dismissed for a lack of probable cause may thereafter be presented to a grand jury, it would be illogical to conclude that an offense alleged in a pre-indictment complaint dismissed in the interest of the "fair administration of justice" could not also be considered by a grand jury. *See Myers*, 173 W.Va. at 662, 319 S.E.2d at 786, syl. pt. 12, in part. Under our state constitution, the decision on whether to indict a person rests with the grand jury. W.Va. Const. art. III, § 4; *see* Syl. Pt. 1, *State v. Adams*, 193 W.Va. 277, 456 S.E.2d 4 (1995).

The circuit court's mandamus order expresses the concern that a prosecutor might seek the dismissal of a criminal complaint in order to gain an improper tactical advantage over a defendant. While this is a legitimate consideration, the solution is not to provide a preliminary hearing to a person who is no longer facing a pending criminal charge, or delay the dismissal of a complaint simply to hold a preliminary hearing. Instead, the remedy lies with the magistrate court's responsibility to ensure that the dismissal is consonant with the public interest in the fair administration of justice. If a magistrate finds that an

18

improper motive lies behind a prosecutor's motion to dismiss, the magistrate should deny the motion.[10]

The legal standard for granting mandamus relief is well-settled:

A writ of mandamus will not issue unless three elements coexist–(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969).

For the reasons set forth above, and under the facts presented herein, the respondent does not have a clear legal right to a preliminary hearing and the magistrate has no legal duty to provide such a hearing. As such, mandamus does not lie.

## IV. Conclusion

The October 23, 2014, Final Order of the Circuit Court of Cabell County is reversed.

Reversed.

---

[10]In addition, if there is cause to believe a person was subjected to false arrest or wrongful prosecution, that individual may pursue remedies in tort.