**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Jerry Lee Key,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-0496** (Kanawha County 21-P-335)

**William K. Marshall III, Commissioner,**
**West Virginia Division of Corrections**
**and Rehabilitation,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Jerry Lee Key appeals the Circuit Court of Kanawha County's June 7, 2022, order denying his petition for a writ of mandamus as moot.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Effective April 30, 2021, West Virginia Code § 15A-4-17 was amended to provide that

[i]n addition to the good time granted under subsection (c) of this section and that authorized by subdivision (1) of this subsection, an eligible inmate serving a felony sentence may receive up to 90 days good time per program for successfully completing an approved, but not required, academic or vocational program, which is not part of the inmate's required individualized reentry programing plan.

*Id.* § 15A-4-17(i)(2). The amended section provided further that "[t]he commissioner shall adopt a written policy to effectuate the purposes of this subsection." *Id.* In September 2021, petitioner filed a petition for a writ of mandamus seeking to compel respondent to adopt a written policy as required by West Virginia Code § 15A-4-17(i)(2). During the pendency of that mandamus proceeding, respondent did just that in Policy Directive 151.06, effective May 30, 2022.

---

[1] Petitioner is a self-represented litigant. Respondent William K. Marshall III, Commissioner, West Virginia Division of Corrections and Rehabilitation ("DCR") appears by Attorney General Patrick Morrisey and Assistant Attorney General Jodi Tyler. Additionally, petitioner identified Betsy Jividen as the commissioner of the DCR. As William K. Marshall III is now the commissioner, the appropriate party has been substituted under Rule 41(c) of the West Virginia Rules of Appellate Procedure.

Accordingly, the circuit court denied petitioner's petition, finding that it had been rendered moot. The court further concluded that while petitioner had established a clear legal right to the adoption of the policy in question and a clear legal duty on respondent's part to adopt that policy, he could not establish a clear legal right or a legal duty on respondent's part to adopt a written policy by a certain date. *See* Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W. Va. 538, 170 S.E.2d 367 (1969) ("A writ of mandamus will not issue unless three elements coexist-(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy."). Petitioner now appeals from the court's June 7, 2022, order denying his petition, and our review is de novo. Syl. Pt. 1, *State v. Davis*, 236 W. Va. 550, 782 S.E.2d 432 (2015).

In his first of two assignments of error, petitioner argues that the court erred in denying his petition without addressing his claim that respondent violated the Ex Post Facto clauses of the state and federal constitutions because Policy Directive 151.06 was made effective more than a year after the effective date of the amendments to West Virginia Code § 15A-4-17. First, the court did address the issue in concluding that petitioner had no clear legal right to implementation of a policy directive by a date certain, nor was there a legal duty on respondent's part to make the policy directive effective on a certain date. Indeed, the statute imposes no such requirement, so petitioner cannot establish entitlement to mandamus relief on this ground. Second, petitioner has failed to demonstrate that the policy directive violates ex post facto principles in any event. "Under Ex post facto principles of the United States and West Virginia Constitutions, a law passed after the commission of an offense which increases the punishment, lengthens the sentence or operates to the detriment of the accused, cannot be applied to him." Syl. Pt. 7, *State ex rel. Phalen v. Roberts*, 245 W. Va. 311, 858 S.E.2d 936 (2021) (quoting Syl. Pt. 1, *Adkins v. Bordenkircher*, 164 W. Va. 292, 262 S.E.2d 885 (1980)). The statue and corresponding policy directive, which provide for *additional means* by which an inmate may receive good time credit, do not increase petitioner's punishment, lengthen his sentence, or operate to his detriment. Accordingly, petitioner has demonstrated no error in the court's conclusion below.

In his second assignment of error, petitioner argues that the court failed to address his claim that he is entitled to reimbursement of his filing fee because the filing of his petition was necessitated by respondent's alleged failure to adopt a written policy, as required by West Virginia Code § 15A-4-17(i)(2). Although petitioner failed to include a copy of his petition for mandamus relief in his appendix record, the documents that were included, such as respondent's response and petitioner's reply to his mandamus petition, do not appear to reflect any request for reimbursement of his filing fee. "[W]hen nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal." *Whitlow v. Bd. of Educ. of Kanawha Cnty.*, 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993) (citations omitted). Moreover, costs and fees are awarded in mandamus proceedings "where a public officer willfully fails to obey the law." Syl. Pts. 3 & 4, in part, *Nelson v. W. Va. Pub. Emps. Ins. Bd.*, 171 W. Va. 445, 300 S.E.2d 86 (1982). Petitioner has made no showing of a willful disobedience, so for this additional reason, we decline to address his request for reimbursement of his filing fee. *See State v. Benny W.*, 242 W. Va. 618, 633, 837 S.E.2d 679, 694 (2019) (observing that "skeletal argument[s]" do not preserve claims).

For the foregoing reasons, we affirm.

2

Affirmed.

**ISSUED:** October 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3